**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| THOMAS P. MORRIS, | No. 11-56633 |
| Petitioner - Appellant, | D.C. No. 5:09-cv-00664-VAP-SS |
| v. | |
| TIM V. VIRGA, Warden, Soledad State Prison, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Submitted June 4, 2014[**]
Pasadena, California

Before: KOZINSKI, Chief Judge, and TROTT and CALLAHAN, Circuit Judges.

Thomas P. Morris seeks habeas relief from his state conviction for felony-murder on the ground that the state trial court violated his constitutional right to present a complete and coherent defense by excluding evidence that for years

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Morris had told doctors and others that he was being pursued by devil worshipers.

Because Morris's federal habeas petition was filed after the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, AEDPA's more stringent standards govern. *See Cunningham v. Wong*, 704 F.3d 1143, 1153 (9th Cir. 2013). Habeas relief is proper only if Morris shows that the state court's decision on the merits "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. § 2254(d); *see also Lockyer v. Andrade*, 538 U.S. 63, 70-71 (2003).

In *United States v. Scheffer*, 523 U.S. 303, 308 (1998), the Supreme Court reiterated that a "defendant's right to present relevant evidence is not unlimited, but rather is subject to reasonable restrictions." A defendant's interest in presenting such evidence may be limited to accommodate other legitimate interests in the criminal proceeding. *Id*. The question is whether the exclusion of evidence presented by a defendant "significantly undermined fundamental elements of the defendant's defense." *Id*. at 315.

Morris has failed to make such a showing.  Although the trial court excluded testimony of Morris's prior statements to doctors and others concerning his delusions, substantial evidence of his mental illness and delusions was presented to the jury.  While the trial judge limited the number of witnesses that Morris could call, Morris has not demonstrated that the excluded witnesses' testimony was critical to his case and not cumulative.  Morris has not shown that the trial court's evidentiary rulings "significantly undermined fundamental elements of [his] defense."

**AFFIRMED.**